CREDIT ASSETS CORPORATION, Plaintiff, *v.* NAT ROCKMORE, Defendant.

City Court of New York, New York County, November 25, 1929.

*D. I. Rosenblum,* for the plaintiff, judgment creditor.

*Alexander H. Rockmore,* for the defendant, judgment debtor.

SHIENTAG, J. The application is to punish the judgment debtor for contempt for his failure to appear on the adjourned date set for his examination in supplementary proceedings. Many such motions are made in this court. The frequency with which resort is had to this drastic remedy is evidence of growing dissatisfaction with

our entire procedure for the collection of judgments. That this system needs a complete overhauling and simplification to make it more efficient and more responsive to modern needs few, who have had any experience with it, will gainsay. The delay and red tape involved, the technical and unnecessarily involved forms of orders required to be served, the manner in which examinations in proceedings supplementary to execution are conducted, the perjury that prevails on such examinations, the widespread use of the corporate device as a cloak to conceal property belonging to debtors, the expense and delay of proceedings to set aside fraudulent transfers — these are some of the conditions which are the subject of much justifiable criticism and complaint.

Various remedies may be suggested, but what is needed is a thorough, scientific study of the legal tools we employ to aid in the collection of judgments; how they work; what results they accomplish, to what extent they have outlived their usefulness, and how they can be revised and improved in the light of our own experience and that of other States and countries. In the past in the law, as in other social sciences, we have laid down rules, but have made little examination of consequences. There has been no counterpart in law to clinical medicine, although we are beginning to appreciate the value of experimental inquiry and the importance of comprehensive and accurate statistical information.

The research work and investigations now being conducted by institutes of law and of social science, maintained under different names, by leading universities of the country, testify to the effort being made " to borrow from the physical sciences their more exact, objective and fruitful methods for use in the social sciences." (" From the Physical to the Social Sciences," Rueff, p. VII.) We are thus preparing in a measure to answer the indictment of America's foremost philosopher that " outside of physical inquiry we shy from problems; we dislike uncovering serious difficulties in their full depth and reach; we prefer to accept what is and muddle along." (" The Quest for Certainty," John Dewey, p. 251.)

So far as concerns the collection of judgments, one thing is certain — punishment for contempt for failure to appear at examinations in supplementary proceedings, as directed by the court, is no remedy for the evils to which reference has been made. Indeed, the indiscriminate use of this drastic power, with its penalty of imprisonment, will in the long run bring evils in its train far greater than those resulting in the inability to collect judgments. If the causes of the failure of judgment debtors to appear for examination were analyzed, it would appear that in a large percentage of the cases, that failure is due to inability to understand the involved and

technical orders served upon them and to appreciate the consequences that may result from their disobedience. In the majority of cases the failure to appear is unintentional. It is unfortunately true that in many instances the only hope of collecting a judgment in whole or in part lies in having a situation created whereby the debtor is in default in appearing for examination, either on the original or the adjourned date, so that an application may be made to punish him for contempt. On the theory that the end justifies the means, we find numerous cases where false affidavits of service are made and where debtors are misled into the belief that the order served upon them is a formality which they may ignore.

That the drastic power to punish for contempt for failure to attend examinations should be strictly limited to cases of willful and deliberate disregard of the court's mandate, is not only the requirement of the statute, but is dictated by sound public policy. While the arm of the court should be strengthened in every possible way in efforts to collect judgments that have been rendered, we should not lose sight of the fact that imprisonment for debt has been abolished in this State. In the matter before me the debtor started in a way that is certainly to his credit. He interposed no answer and appeared voluntarily for examination in supplementary proceedings. On one of the adjourned dates he defaulted. He says he made a mistake concerning the date. Up to this point there would be no justification for imposing any penalty by way of punishment for civil contempt. It appears, however, that after the default occurred the attorney for the judgment creditor, adopting a procedure that should be followed in all of these cases, wrote to the debtor's attorney offering specifically to waive the default if the debtor would appear for examination at some future date that would be convenient to him. The debtor's attorney states that he does not recall receiving this communication. In the face of the convincing proof offered by the attorney for the judgment creditor on this point, I cannot accept this explanation. My decision is strengthened by the fact that subsequent letters to the same effect were completely ignored by the judgment debtor and that the record indicates that he was evading service of process. Under all the circumstances, I am convinced that the default of the debtor in this case was willful and deliberate; that he had reached a point in his examination where he was reluctant to continue, and that he ignored all requests to appear for further examination. Such a course was calculated to and did hinder, delay and prejudice the judgment creditor in his efforts to collect his judgment.

For his willful disobedience of the order of this court, I adjudge

the judgment debtor in contempt of court and fine him the sum of fifty dollars to be paid to the attorney for the judgment creditor on or before December 9, 1929, to be applied on account of the judgment. In default of such payment an order of commitment will issue. I also direct the judgment debtor to submit to further examination at Special Term, Part II, of this court on December 2, 1929, at two P. M. The determination of this motion shall be without prejudice to a further application in the event that it shall appear that the judgment debtor has disposed of any of his property since the last examination in violation of the order of this court. Submit order on notice.